UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 06-CR-0100 (JNE/JSM); 16-CV-2479 (JNE) |
| Plaintiff, | |
| v. | ORDER |
| PABLO BAZALDUA, | |
| Defendant. | |

Defendant Pablo Bazaldua seeks relief from his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 66.  In his motion, Bazaldua argued that, under Amendment 794 to the United States Sentencing Guidelines and *United States v. Quintero-Layva*, 823 F.3d 519 (9th Cir. 2016), he qualified for a two-point "minor role" reduction in offense level, *see* U.S.S.G. § 3B1.2.  This two-point reduction, if granted, would result in a lower recommended sentencing range for Bazaldua.

In an order dated August 9, 2016, the Court noted that, by all appearances, Bazaldua's motion was untimely.  Under § 2255(f),

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has

>been newly recognized by the Supreme Court and
>made retroactively applicable to cases on collateral
>review; or
>
>(4) the date on which the facts supporting the claim
>or claims presented could have been discovered
>through the exercise of due diligence.

The judgment of conviction in this case became final in 2008, and thus well over a year passed between the date on which judgment became final and the date on which Bazaldua submitted his pending motion under § 2255. There was no indication from Bazaldua's motion that he has ever been impeded by the government from seeking relief under § 2255. The pending § 2255 motion does not seek relief pursuant to a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[1] 28 U.S.C. § 2255(f)(3). And Bazaldua's motion did not appear to be predicated upon newly discovered facts. Accordingly, the Court ordered Bazaldua to show cause why his § 2255 motion should not be dismissed as untimely. *See Day v. McDonough*, 547 U.S. 198, 210-11 (2006).

In response, Bazaldua argues that the amendment to the Sentencing Guidelines found by *Quintero-Layva* to be retroactive to direct appeals constitutes a new fact that could not have previously been discovered through the exercise of due diligence. "However, a change in controlling law does not constitute a 'factual predicate' within the meaning of § 2255(f)(4)." *Parchell v. United States*, No. 1:11CV192 CDP, 2012 WL 234644, at *1 (E.D. Mo. Jan. 25, 2012) (citing, e.g., *E.J.R.E. v. U.S.*, 453 F.3d 1094 (8th Cir. 2006)). Amendment 794 to the

---

[1] *Quintero-Layva* is not a Supreme Court decision and thus does not trigger a new one-year limitations period under § 2255(f)(3). Moreover, nothing in *Quintero-Leyva* indicates that the holding in that case applies to cases on *collateral* review. *See Quintero-Leyva*, 823 F.3d 519, 521 n.1.

Sentencing Guidelines therefore is not a basis for Bazaldua to invoke § 2255(f)(4).  And because Bazaldua's motion is untimely under each provision of § 2255(f), it must be dismissed on that basis.

Even if Bazaldua's motion were timely, however, he would not be entitled to relief. Bazaldua does not argue that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law," as is necessary to invoke § 2255. Instead, defendants such as Bazaldua looking to argue that they have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" must invoke 18 U.S.C. § 3582(c), not § 2255.  But § 3582(c) is of no help to Bazaldua, either, as the amendment to the Sentencing Guidelines he wishes to invoke is not among those amendments for which collateral relief may be sought under § 3582(c).  *See* U.S.S.G. § 1B1.10(d); *United States v. Peters*, 524 F.3d 905, 906 (8th Cir. 2008) (per curiam).

In any event, Bazaldua's § 2255 motion is untimely, and it is dismissed on that basis. Because it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would disagree with the disposition of this matter, Bazaldua will not be granted a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Pablo Bazaldua's motion for relief under 28 U.S.C. § 2255 [ECF No. 66] is DISMISSED AS UNTIMELY.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 5, 2016                    s/Joan N. Ericksen
                                          Joan N. Ericksen
                                          United States District Court Judge